FILED
SUPERIOR COURT
OF GUAM

2022 MAR 24 AM 10: 00

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF PUBLIC HEALTH & SOCIAL SERVICES AND ROSALINA C. DE JESUS,<br><br>Plaintiff,<br><br>vs.<br><br>BENNY M. QUINATA,<br><br>Defendant. | Superior Court Case No.: **CS0006-21**<br><br>**DECISION AND ORDER RE: OBJECTIONS TO RECOMMENDED FINDINGS AND ORDER** |

In this action seeking child support and the reimbursement of public assistance benefits, the Court reviews objections to the Administrative Hearing Officer's ("AHO") August 4, 2021 Findings & Order Re: Temporary Child Support and January 3, 2022 Recommended Findings and Order. The Court determines that not all issues presented are ready for review, thereby requiring a remand for further recommendations by the AHO. As for ripe issues, the Court affirms the AHO's implicit finding that Plaintiff Rosalina De Jesus has the requisite standing to pursue child support against Defendant Benny Quinata.

## I.   PROCEDURAL BACKGROUND

Benny and Jenny De Jesus have four children together. In late 2013, Jenny filed a Complaint for Custody under DM0679-13. In 2014, Benny and Jenny entered into a stipulated judgment whereby Jenny shall have sole physical and legal custody of all children, and Benny shall be required to pay $450 in monthly child support. DM0679-13 (Stip. Judgment Re: Custody (Jan. 22, 2014)). Following that judgment, the Court approved the withdrawal of

**ORIGINAL**

Jenny's attorneys, Guam Legal Services Corporation. DM0679-13 (Stip. Judgment Re: Visitation (Sep. 12, 2014)).

In 2016, the Office of the Attorney General's Child Support Enforcement Division ("CSED") entered an appearance in the custody dispute. In 2019, CSED moved to suspend child support on grounds that Jenny no longer had custody and that the children had been living with Benny since February 2018. DM0679-13 (Mot. Suspend Child Support (Jan. 31, 2019)). Finding that Jenny no longer had custody of the children, the Court granted the Motion and suspended Benny's child support obligation effective February 1, 2018. DM0679-13 (Order to Suspend Child Support (May 8, 2019)).

No further legal activity occurred until 2021 when CSED initiated this child support action on behalf of DPHSS and Rosalina, the children's maternal grandmother. Compl. (Jan. 8, 2021). The Complaint alleged that two of the minor children reside with Rosalina; the Department of Public Health and Human Services ("DPHSS") had been assigned Rosalina's child support rights; that DPHSS furnished to Rosalina public assistance for the support of the minors; and that Benny owes a duty of support to the two minor children pursuant to the Guam Child Support Guidelines. *Id.* CSED sought an order requiring Benny to pay regular support for the minor children as well as arrears. CSED later amended the complaint to include Benny and Jenny's two other children. Am. Compl. (Mar. 30, 2021).

Meanwhile, back in DM0679-13, Benny moved to modify the child custody arrangement to grant him sole physical and legal custody of all minors. DM0679-13 (Mot. Modification Child Custody (Apr. 15, 2021)). Benny subsequently withdrew the motion to modify and the parties entered into a stipulated order on May 10, 2021. DM0679-13 (Stip. Order Custody (May

**ORIGINAL**

10, 2021) ("May 10 Stipulated Order")). Jenny (now pro se), Benny and Benny's attorney all signed the May 10 Stipulated Order.

Under the May 10 Stipulated Order, the parties agreed that Jenny shall have primary physical custody over one child and Benny shall have primary physical custody over the remaining three children. *Id.* The parties further agreed to share legal custody and waive their respective rights to child support. *Id.* Lastly, the parties stipulated to "revoke any and all powers of attorney regarding the care and custody of any or all of the parties' minor children. . . . [and] that each such power of attorney shall have no force or effect after the date hereof." *Id.*

Benny did not immediately give notice of the May 10 Stipulated Order in this child support proceeding. On July 12, 2021, the AHO held a child support hearing, which Benny failed to attend. At the hearing, Rosalina indicated that Jenny is homeless and does not live with her. Min. Entry at 2:21:22 (July 12, 2021). On August 4, 2021, the AHO issued Findings and an Order which required Benny to pay temporary monthly child support of $734.47 for two children. Findings and Order re Temp. Child Support (Aug. 4, 2021).

On August 5, 2021, Benny filed an objection to the Court's temporary support order. Benny argued that since Rosalina has no legal rights to the children, she lacks the standing to pursue child support. He also asserted that, under the May 10 Stipulated Order, Benny and Jenny agreed to waive their respective rights to child support, and Benny was given physical custody over the two minor children listed in the Court's temporary support order. Benny also filed a supplemental objection. He stated that he believed Jenny resided with Rosalina during the last ten years in which they shared physical custody over the four minor children. Def.'s Supp. Obj. to Findings (Nov. 5, 2021). He further stated that, based on Jenny's testimony at an October 4,

**ORIGINAL**

2021 hearing in this case, he believes that she has since alternated between living with her boyfriend and Rosalina. *Id.*

On January 3, 2022, the AHO simultaneously issued the Recommended Findings and Order on the issues raised by Benny and CSED and filed a request for review, which initiated this Court's review. The following are the AHO's relevant observations and recommendations:

- At a hearing on March 15, 2021, "Father informed the Court that Mother has custody of the children, and the Grandmother has power of attorney but not custody. Father stated that in 2018 Mother gave power of attorney [to] Grandmother, who took two of the children to Hawaii and left two with the mother." Rec. Findings and Order at 1-2 (Jan. 3, 2022). He also reported that Jenny is bipolar and a drug user. *Id.* at 2. Rosalina agrees that Jenny uses drugs. *Id.* at 6.

- Despite multiple requests that CSED secure the power of attorney given by Jenny to Rosalina, it has never been produced. *Id.* at 2-3, 7.

- Despite multiple requests that CSED produce further information on the Temporary Aid to Needy Families ("TANF") funds received by Rosalina, it has not been produced. *Id.* at 2, 5, 7.

- The AHO questioned the validity of the May 10 Stipulated Order due to the lack of a signature by Jenny's attorneys. The AHO noted that Benny failed to notify GLSC or CSED, who were also of record in DM0679-13, of the May 10 Stipulated Order. *Id.* at 4.

- The custody of the children has varied since this child support proceeding commenced. The AHO has not been able to make findings on which parent or grandparent had custody of which child at any particular time. *Id.* at 3, 5-6.

ORIGINAL

- The AHO believes that facts still need to be determined to calculate current and overdue arrears to DPHSS or Rosalina. *Id.* at 8.

- The AHO asserts that Benny must re-pay TANF funds disbursed to Rosalina unless he can establish Rosalina committed fraud. *Id.* at 7.[1]

In his response to the AHO's Recommended Findings and Order, Benny first asserts that Jenny no longer had legal counsel in DM0679-13. He points to GLSC's withdrawal back in 2014 but also avers that he nonetheless served GLSC with his motion. Further, he claims that after receiving the April 15, 2021 Motion to Modify Custody, GLSC informed Benny's attorney that they no longer represent her. Response at 2 (Jan. 13, 2022).

Benny next maintains that Rosalina lacks standing to bring this action for three reasons. First, he argues that no proof has ever been produced that Jenny granted Rosalina a power of attorney. Also, regardless of the existence of a power of attorney, the parties' May 10 Stipulated Order revoked any power of attorney. Second, he contends that, because grandparents have no legal duty to support their grandchildren, there is no legal duty for a grandparent to spend any money received pursuant to a support order for the child's care. It follows, according to Benny, that a child support order requiring money to be paid to an individual who has no legal duty to care for the child violates public policy. Third, Benny argues that Jenny continues to live with Rosalina, and under the Stipulated Order, Jenny "is responsible for caring and supporting the oldest child while the Defendant supports their other three children ...." *Id.* at 4.

This Court heard Benny's objections, as well as the positions of CSED and Rosalina, on March 9, 2022, and took the matter under advisement.

---

[1] In response, Benny appears willing to repay these funds and asks for an accounting.

ORIGINAL

## II.     LAW AND DISCUSSION

In reviewing a Referee or AHO's findings, this Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and experience" of the officer. *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 41-42. "If [this Court] is sufficiently confident in the findings of the referee, [it] may simply accept the referee's conclusions with minimal comment." *Id.* ¶ 42. Similarly, this Court "need not conduct an in-depth review of the referee's recommendation before ratification." *Palomo v. Manglona*, 2012 Guam 18 ¶ 23. However, the Court is "required to do more than simply 'rubber stamp' the referee's report." *Lamb*, 2008 Guam 2 ¶ 40; *see also id.* at ¶ 43 (explaining that the Guam Supreme Court may be compelled to remand "[r]eferees' reports that are summarily converted into judgments without any evidence of review of Rule 7.1 objections").

The Court first addresses the already-imposed temporary child support. On August 4, 2021, the AHO ordered child support for two children--over both of whom Benny had acquired sole physical and joint legal custody three months earlier. The AHO comments that Benny had not presented the May 10 Stipulated Order before the August 4 Findings & Order re Temporary Child Support. While this may be correct, it is still an issue for correction or clarification by the AHO on remand. The AHO comments multiple times that she was still in the process of making findings of which parent or person had custody over which child and that such process was interrupted by this review. The AHO was also in the process of reviewing the child support order based on the power of attorney's contents and scope,[2] as well as whether Jenny resided with Rosalina at various times and the impact of that residency. The Court here determines that reviewable findings have not been made on these points and require further consideration by the AHO.

---

[2] As discussed later, further recommended findings on the power of attorney may also impact the standing analysis.

ORIGINAL

Next, this Court addresses the AHO's concerns over Jenny's ability to sign the May 10 Stipulated Order. Based on the record in DM0679-13, GLSC had withdrawn from representing Jenny, so approval by her legal counsel was no longer required. Jenny's competency is a different matter. Because there are no specific findings as to her competency, which the AHO appears to believe calls into question the validity of the Stipulated Order Re: Custody, it is an issue that can continue to be explored by the AHO, if appropriately raised in this case.[3]

Turning to the sole issue this Court considers ripe for review, the Court examines Rosalina's standing. As a preliminary matter, the AHO made no explicit findings on standing. However, the AHO's decision to hear this matter despite objections infers her position that Rosalina has standing.

Benny contends that Rosalina lacks standing to obtain child support. Benny contends that a power of attorney was never produced; a power of attorney could not confer custodial rights; the statute does not grant grandparents the right to collect child support; and because Jenny lived with her mother during the time she had custody, her mother is not owed child support. As the Court just stated, some of the finer factual points deserve further elaboration on remand. On the legal issue of standing, however, the Court is now prepared to review.

Benny cites *Office of Att'y Gen. v. Carter*, 977 S.W.2d 159 (Ct. App. Tex. 1998) to support his argument that "custody" means "legal custody" and so without legal custody, Rosalina cannot bring a child support action. In *Carter*, the Texas appellate court examined Texas law's definition of "obligee:" "an individual to whom a duty of support is or is alleged to be owed." *Id*. at 161. Using this definition, the Texas court found that for a nonparent to seek a support order, he or she must have legal custody of the child.

---

[3] It is unclear to this Court whether such issues should instead be raised in the domestic matter, which is handled by a different referee.

ORIGINAL

Texas' definition of "obligee" derives from the Uniform Interstate Family Support Act (UIFSA), which Texas has adopted. Guam has also adopted the UIFSA in Title 5, Chapter 35. However, this particular action has been filed under a different statutory scheme--the Personal Responsibility and Self-Sufficiency Act of 1997, Title 5, Chapter 34 ("PRSA").

Under PRSA, the CSED may pursue child support if the child is a member of the household receiving welfare benefits. In enacting this law, the Legislature codified as its "public policy . . . of having parents support their children, and in having fair and equitable support orders" whether or not the children receive public assistance. 5 GCA § 34105. PRSA states that CSED may bring an action "to recover such amounts of back support and any other amounts as may be due and owing under an existing court order, whether owed to the Department or to the custodial parent or other person having custody of the minor child." 5 GCA § 34105(a)(1). The law does not define "custody," however, terms within PRSA "shall be liberally construed." 5 GCA § 34101(c).

Liberally construing this statute, the PRSA appears to cover the present instance in which Rosalina, a welfare recipient, is also pursuing support on behalf of the children for whom she provides support and who also receive public assistance. While further facts may be developed as to how much she is owed based on what powers Jenny conferred via the power of attorney, whether Jenny could convey such powers, and whether Rosalina may pursue child support while Jenny lived with her, the Court finds that the AHO did not err in allowing CSED to pursue child support on behalf of Rosalina, pursuant to the PRSA.

## III.   CONCLUSION AND ORDER

In this review of the AHO's Recommending Findings & Order, the Court determines that the only matter ripe for consideration is whether Rosalina has the standing to pursue child

ORIGINAL

support. Based on the record before it, the Court determines that the AHO made no error in implicitly finding that Rosalina possessed such standing. All other issues presented are not ready for review and require recommended findings by the AHO.

This matter is returned to the AHO for further proceedings.

SO ORDERED this 24th day of March 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_____
_____
Date: _____ Time: _____
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daron J. Berman, Esq., Berman Law Firm, for Defendant Benny M. Quinata
Assistant Attorney General Elisabeth Cruz, Office of Attorney General, for the Government of
        Guam and Rosalina C. De Jesus

ORIGINAL